UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

```
_____ :
                                 :
MARCIA COPELAND, M.D.            :   Civil Action No. 7:15-cv-03569(VB)
MINTA  SMITH  (TRUSTEE  FOR      :
MARCIA    COPELAND    LIVING     :
TRUST),                          :
                                 :
          Plaintiffs,            :
     v.                          :
                                 :
UNITED STATES DEPARTMENT OF      :
JUSTICE, et al.,                 :
                                 :
          Defendants.            :
_____ :
```

---

**BRIEF IN SUPPORT OF THE NEW JERSEY STATE JUDICIARY DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED.
R. CIV. P. 12b(1), (2) and (6)**

---

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
STATE OF NEW JERSEY
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
(973) 648-2972
Attorney for Defendants,
   Hon. Glenn A. Grant, J.A.D.,
   Hon. Deborah Silverman-Katz, A.J.S.C.,
   Hon. Mary E. Colalillo (ret.),
   Hon. Robert G. Millenky, P.J.Cv., and
   Hon. Lee B. Laskin, J.S.C.

On the Brief:

David M. Puteska
Deputy Attorney General

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT.............................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS........................2

STANDARD OF REVIEW

      A.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)......4

      B.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)...................5

      C.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6).........................................6

ARGUMENT

    POINT I

    THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW JERSEY STATE JUDICIARY DEFENDANTS..........................8

    POINT II

    THE AMENDED COMPLAINT IS BARRED BY SOVEREIGN IMMUNITY.....10

    POINT III

    PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE NEW JERSEY STATE JUDICIARY DEFENDANTS ARE NOT PERSONS AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.......12

    POINT IV

    THE NEW JERSEY STATE JUDICIARY DEFENDANTS ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY..............................14

POINT V

THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
PLAINITFF IS ATTEMPTING TO USE THE FEDERAL COURTS TO
APPEAL STATE COURT PROCEEDINGS IN VIOLATION OF THE
ROOKER-FELDMAN DOCTRINE....................................15

POINT VI

THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE
INSTANT ACTION IS BARRED BY THE DOCTRINES OF RES
JUDICATA AND COLLATERAL ESTOPPEL...........................18

POINT VII

PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN
BE GRANTED; HER CLAIMS AMOUNT TO NOTHING MORE THAN
LEGAL CONCLUSIONS........................................20

CONCLUSION..................................................22

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

**PAGE**

Alden v. Maine, 527 U.S. 706 (1999)...........................10

Allstate Ins. Co. v. Williams, 29 A.D.3d 688 (2006).......17, 18

Anonymous v. Kaye,
1996 U.S. App. LEXIS 33498 (2d Cir. Dec. 23, 1996).............8

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..............6, 7, 19, 20

Back v. Hastings on Hudson Union Free School District,
365 F.3d 107 (2d Cir. 2004)..................................11

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
171 F.3d 779 (2d Cir. 1999)................................5, 9

Bear, Streams & Co., Inc., Bear, Steams Securities Corp., v.
1109580 Ontario, Inc., 409 F.3d 87 (2d Cir. 2005)............18

Bell-Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).............6

Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.,
402 U.S. 313 (1971)..........................................18

Bradley v. Fisher, 80 U.S. 335 (1871).........................13

Carver v. Nassau Cnty. Interim Fin. Auth.,
730 F.3d 150 (2d Cir. 2013)..................................10

Chloe v. Queen Bee of Beverly Hills, LLC,
616 F.3d 158 (2d Cir. 2010)................................7, 8

Coalition For A Level Playing Field, L.L.C. v. Autozone, Inc.,
737 F. Supp. 2d 194 (S.D.N.Y. 2010)..........................17

Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995).................12

DiStefano v. Carozzi North Am. Inc.,
286 F.3d 81 (2d Cir. 2001).................................5, 8

District of Columbia Court of Appeals v. Feldman,
460 U.S. 462 (1983)..........................................15

Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,
722 F.3d 81 (2d Cir. 2013)......................................9

Exxon Mobil Corp. v. Saudi Basic Indus., Inc.,
544 U.S. 280 (2005).............................................15

Grullon v. City of New Haven, 720 F.3d 133 (2d Cir. 2013).......5

Hoblock v. Albany Ctny Bd. of Elections,
422 F.3d 77 (2d Cir. 2005).....................................16

Krys v. Pigott, 749 F.3d 117 (2d Cir. 2014)....................6

McKeown v. N.Y. State Comm'n on Judicial Conduct,
377 F. App'x 121, (2d Cir. 2010)...........................10, 11

Mireles v. Waco, 502 U.S. 9 (1991).........................12, 13

Parklane Hosiery Co., Inc. v. Shore,
439 U.S. 322 (1979)............................................18

Pierson v. Ray, 384 U.S. 547 (1967)............................13

Regents of the Univ. of California v. Doe,
519 U.S. 425 (1997)............................................10

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).........14, 15

Sealey v. Giltner, 116 F.3d 47 (2d Cir. 1997).............11, 12

Shuster v. Oppelman, 962 F. Supp. 394 (S.D.N.Y. 1997).........13

Stump v. Sparkman, 435 U.S. 349 (1978)........................13

Tiraco v. N.Y. State Bd. of Elections,
963 F. Supp. 2d 184 (E.D.N.Y. 2013)...........................10

Will v. Michigan Dep't of State Police,
491 U.S. 58 (1989)............................................9, 11

Worldwide Church of God v. McNair,
805 F.2d 888 (9th Cir. 1986)..................................15

## DOCKETED CASES

<u>Marcia Copeland v. Abo & Company, LLC, et al.,</u>
Civil Action no. 1:13-cv-03979(RMB-KMW)........................18

<u>Marcia Copeland v. Abo & Company, LLC, et al.,</u>
Civil Action no. 1:13-cv-04232(RMB-KMW)........................18

<u>Marcia Copeland v. Abo & Company, LLC, et al.,</u>
Civil Action no. 1:13-cv-03978(RMB-KMW)...................18, 19


<u>Marcia Copeland v. Hon. Deborah Silverman-Katz, J.S.C.,</u>
Docket No. BUR-L-1631-13..................................14, 18

## FEDERAL STATUTES

U.S. Const. amend. XI.........................................10

28 U.S.C. § 1257.............................................15

28 U.S.C. § 1331.............................................14

42 U.S.C. § 1983.............................................11

## FEDERAL RULES

Fed. R. Civ. P. 8(a)(2)......................................19

Fed. R. Civ. P. 12(b)(1).....................................4

Fed. R. Civ. P. 12(b)(2).....................................5

Fed. R. Civ. P. 12(b)(6).....................................5

Fed. R. Civ. P. 12(h)(3).....................................4

## STATE RULES

N.Y. C.P.L.R. § 302 .......................................8, 9

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff Marcia Copeland has filed numerous frivolous complaints against members of the New Jersey Judiciary regarding her dissatisfaction with the outcome of New Jersey state court matters.  Her complaints have been dismissed by New Jersey state and federal courts.  Now, she continues her frivolous litigation asserting her previously rejected claims before this Court.

Defendants, Hon. Glenn A. Grant, J.A.D., Hon. Deborah Silverman-Katz, A.J.S.C., Hon. Mary E. Colalillo, (ret.), Hon. Robert G. Millenky, P.J.Cv., and Hon. Lee B. Laskin, J.S.C. (hereafter "the New Jersey State Judiciary Defendants") move to dismiss Plaintiff's Amended Complaint, with prejudice, in lieu of filing an Answer, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).

Plaintiff's Amended Complaint should be dismissed because: (1) this Court lacks personal jurisdiction over the New Jersey State Judiciary Defendants; (2) the New Jersey State Judiciary Defendants are entitled to sovereign and absolute judicial immunity; (3) the New Jersey State Judiciary Defendants are not persons amenable to suit under 42 U.S.C. § 1983; (4) Plaintiff's claims are barred by the <u>Rooker-Feldman</u> doctrine; (5) Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel; and (6) Plaintiff fails to state any prima facie claims.

Plaintiff's proper recourse for her dissatisfaction with a judicial determination in her underlying state court matters is an appeal to the New Jersey Superior Court, Appellate Division. For these reasons, the Amended Complaint should be dismissed with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff's allegations against the New Jersey State Judiciary Defendants arise entirely out of her dissatisfaction with the disposition of her New Jersey state court matters.

Specifically, Plaintiff's claims arise out of a state court matter in which a default judgment was entered against Plaintiff. She claims that Mr. Abo filed a complaint against her seeking collection of an alleged debt, but failed to properly serve her. (Compl. at 14-15.) As a result, Plaintiff alleges that a default judgment of $49,777.86, was entered in Mr. Abo's favor. (Id. at 14.) Plaintiff filed a motion to vacate the default judgment, which was denied as lacking merit by New Jersey Superior Court Judge Silverman-Katz. (Id. at 15.) Plaintiff apparently failed to properly appeal Judge Silverman-Katz's decision. (See id.)

Although not entirely clear from Plaintiff's Complaint, it appears that she refused to pay the debt despite the court order. (See Compl. at 7.) She alleges that on April 7, 2013, the court ordered the appointment of a receivership in order to

collect the debt.  (Id.)  Plaintiff appears to allege that any and all judicial action regarding the receivership and the collection of the debt was somehow wrongful.

On May 14, 2013, Plaintiff filed a lawsuit against Judge Silverman-Katz in the Superior Court of New Jersey, alleging that the above judicial actions violated her rights.  (See Certification of David M. Puteska ("Puteska Certif"), Exhibit B.)  That matter was dismissed with prejudice on August 12, 2013.  (Puteska Certif., Exhibit C.)

Then, on June 27, 2013, Plaintiff filed a lawsuit against Judge Silverman-Katz and Judge Colallilo in the District Court for the District of New Jersey raising substantially the same allegations rejected in her dismissed state court matter. (Puteska Certif., Exhibit D.)  On June 27, 2013, Plaintiff filed yet another complaint against Judge Silverman-Katz and Judge Colalillo.  The District Court matters were consolidated under Civil Action No. 1:13-cv-03978.  On October 8, 2013, Plaintiff's federal complaints were dismissed with prejudice.  (Puteska Certif., Exhibit E.)  The District Court held that Plaintiff's claims against Judges Silverman-Katz and Colalillo were wholly barred by the doctrine of judicial immunity.  (Id. at 3-4.) Additionally, the District Court held that (1) Plaintiff's claims were barred against the Judges in their official capacity by sovereign immunity; (2) the Judges, in their official

capacities, were not persons amenable to suit pursuant to 42 U.S.C. 1983; and (3) Plaintiff's claims failed to satisfy the pleading requirements of Rule 8(a). (Id. at 3-5.)

Nevertheless, Plaintiff has filed yet another lawsuit against the New Jersey State Judiciary Defendants raising her frivolous arguments regarding her dissatisfaction with New Jersey state court judgments.  While she affirms that proper service was effected upon the New Jersey State Judiciary Defendants, they were not properly served.  Instead, Plaintiff served a copy of her purported Complaint absent a summons prior to the filing of this action.  Thereafter, she served a copy of her purported Amended Complaint, which is more akin to an addendum to the Complaint, absent an amended summons. Notwithstanding, in the interest of finality and judicial economy, the New Jersey State Judiciary Defendants waive proper service and this motion to dismiss Plaintiff's Complaint follows.

## STANDARD OF REVIEW

### A.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1).

The New Jersey State Judiciary Defendants seek dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject-matter jurisdiction. If a court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts claims against the New Jersey State Judiciary Defendants that are barred by the Eleventh Amendment. Therefore, the Court lacks subject-matter jurisdiction to preside over the case and the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). See Grullon v. City of New Haven, 720 F.3d 133, 135 (2d Cir. 2013).

**B.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2).**

Fed. R. Civ. P. 12(b)(2) requires that a court dismiss a claim if the court does not have personal jurisdiction over the defendant. A federal court determining a motion to dismiss under Fed. R. Civ. P. 12(b)(2) must apply the law of the state where the court sits to determine if personal jurisdiction exists. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff bears the burden of establishing that the court has jurisdiction over a defendant when served with a Rule 12(b)(2) motion to dismiss. DiStefano v. Carozzi North Am. Inc., 286 F.3d 81, 84 (2d Cir. 2001).

Here, this Court lacks personal jurisdiction over the New Jersey State Judiciary Defendants. Thus, the Amended Complaint must be dismissed in its entirety.

### C.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6).

The New Jersey State Judiciary Defendants also seek dismissal because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Plaintiff's claims are barred by sovereign and absolute judicial immunity, the Rooker-Feldman doctrine, res judicata and collateral estoppel. Moreover, the New Jersey State Judiciary Defendants are not persons amenable to suit pursuant to § 1983 and Plaintiff fails to state any prima facie claims against the New Jersey State Judiciary Defendants.

When considering a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), courts "accept only its factual allegations, and the reasonable inferences that can be drawn therefrom, as true." Krys v. Pigott, 749 F.3d 117, 128 (2d Cir. 2014). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell-Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. As the Supreme Court has explained:

> [t]o survive a motion to dismiss, a
> complaint must contain sufficient factual
> matter, accepted as true, to state a claim
> to relief that is plausible on its face. A
> claim has facial plausibility when the
> Plaintiff pleads factual content that allows
> the court to draw the reasonable inference
> that the Defendant is liable for the
> misconduct alleged. The plausibility
> standard is not akin to a probability
> requirement, but it asks for more than a
> sheer possibility that a Defendant has acted
> unlawfully. Where a complaint pleads facts
> that are merely consistent with a
> Defendant's liability, it stops short of the
> line between the possibility and
> plausibility of entitlement to relief.

Iqbal, 556 U.S. at 663-64 (quotation marks and citations omitted).

Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show that the pleader is entitled to relief." Id.

Here, Plaintiff's Amended Complaint should be dismissed with prejudice because the allegations are insufficient to raise Plaintiff's rights above the speculative level.

**ARGUMENT**

**POINT I**

**THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW JERSEY STATE JUDICIARY DEFENDANTS.**

In order for a federal court sitting in New York to assert personal jurisdiction over a non-resident, it must satisfy the requirements of New York's long-arm statute, N.Y. C.P.L.R. § 302, as well as the Due Process Clause. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 169 (2d Cir. 2010).

Pursuant to § 302, this State may assert personal jurisdiction over non-domiciliaries where the non-domiciliary (1) transacts business within the State of New York; (2) commits a tortious act with the State of New York; (3) commits a tortious act without the State of New York causing injury to person or property within the State of New York; or (4) owns uses or possesses real property situated within the State of New York.   NY C.P.L.R. § 302(a).   Moreover, a Due Process inquiry considers (1) the defendant's minimum contacts with the State of New York; and (2) the reasonableness of asserting jurisdiction over the defendant. Chloe, 616 F.3d at 171. The burden of demonstrating personal jurisdiction falls on the plaintiff. DiStefano, 286 F.3d at 84.

New York district courts lack personal jurisdiction over the New Jersey Judiciary and its members for judicial acts. See

_Anonymous v. Kaye_, 1996 U.S. App. LEXIS 33498, at *5-6 (2d Cir. Dec. 23, 1996). In _Kaye_, a litigant sought to assert personal jurisdiction over the Justices of the New Jersey Supreme Court for alleged § 1983 violations. _Id._ However, the New York district court held that it lacked jurisdiction over the New Jersey Judiciary -- the Second Circuit affirmed. _Id._ The Second Circuit noted that the New Jersey Judiciary does not fit into any of the § 302 categories that permit jurisdiction over non-domiciliaries. _Id._

Significantly, "[w]hen responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." _Bank Brussels Lambert_, 171 F.3d at 784. This burden may be met, prior to discovery, by pleading in good faith legally sufficient allegations of jurisdiction. _Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A._, 722 F.3d 81, 84-85 (2d Cir. 2013). However, this burden lies with the Plaintiff rather than the defendant. See _Bank Brussels Lambert_, 171 F.3d at 784; _Anonymous v. Kaye_, 1995 U.S. Dist. LEXIS at *9-11.

Here, Plaintiff has failed to meet her burden in demonstrating that the Court has personal jurisdiction over the New Jersey State Judiciary Defendants. There is no indication that they transact business in New York, committed a tort within or felt in New York or possess real property in New York.

Moreover, Due Process weighs against asserting jurisdiction over the New Jersey State Judiciary Defendants. There is no indication that the New Jersey State Judiciary Defendants have minimum contacts with the State of New York as to assert personal jurisdiction over them. Additionally, it would be unreasonable to assert jurisdiction over the judiciary of a foreign state for matters undertaken and felt in that state.

Therefore, Plaintiff's Amended Complaint should be dismissed in its entirety.

## POINT II

### THE AMENDED COMPLAINT IS BARRED BY SOVEREIGN IMMUNITY.

It is well-recognized that the States, state agencies and state officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment.[1]  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment to the United States

---

[1] Whether Eleventh Amendment sovereign immunity should be analyzed pursuant to Fed. R. Civ. P. 12(b)(1) or (6) remains an open question in the Second Circuit. Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013). However, there is no practical distinction between a 12(b)(1) and 12(b)(6) motion to dismiss pursuant to sovereign immunity where the court "has considered only the pleadings and the relevant state and federal law and has drawn all inferences in Plaintiff's favor." Tiraco v. N.Y. State Bd. of Elections, 963 F. Supp. 2d 184, 191 n.6 (E.D.N.Y. 2013). Thus, should the Court prefer to analyze such pursuant to Fed. R. Civ. P. 12(b)(6), the New Jersey State Judiciary Defendants respectfully submit that Plaintiff's Complaint remains ripe for dismissal.

Constitution makes explicit reference to the States' immunity from suits:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

"The States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ." <u>Alden v. Maine</u>, 527 U.S. 706, 712-13 (1999).  This sovereign immunity is not limited to the State itself, but extends to state agencies and state officers who act on behalf of the State. <u>Regents of the Univ. of California v. Doe</u>, 519 U.S. 425, 429 (1997). New Jersey State Court judges are undoubtedly arms of the State entitled to sovereign immunity.  <u>McKeown v. N.Y. State Comm'n on Judicial Conduct</u>, 377 F. App'x 121, 122-23 (2d Cir. 2010).

Therefore, Plaintiff's Amended Complaint should be dismissed with prejudice.

<u>POINT III</u>

**PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE NEW JERSEY STATE JUDICIARY DEFENDANTS ARE NOT PERSONS <u>AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.</u>**

Plaintiff appears to allege violations of her rights secured under the U.S. Constitution.  Through 42 U.S.C. § 1983, Congress provided a vehicle by which persons may be sued for interfering with constitutional rights. However, pursuant to § 1983, the State, or its officials, are not considered "persons" amenable to suit.

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.

While State officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. at 71. "As such, it is no different from a suit against the State itself." <u>Id.</u>  The Court in <u>Will</u> explicitly applied this interpretation to § 1983, stating that it "hold[s] that neither

a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Id.</u>

Moreover, to establish a defendant's individual liability pursuant to § 1983, the plaintiff must demonstrate the defendant's personal involvement in the alleged constitutional deprivation. <u>See</u> <u>e.g.</u>, <u>Back v. Hastings on Hudson Union Free School District</u>, 365 F.3d 107, 122 (2d Cir. 2004); <u>Sealey v. Giltner</u>, 116 F.3d 47, 51 (2d Cir. 1997); <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995). Otherwise a § 1983 claim may not proceed against a governmental employee in his or her individual capacity. <u>See</u> <u>Back</u>, 365 F.3d at 122.

In this case, Plaintiff alleges that the judicial acts of the New Jersey State Judiciary Defendants caused her harm. Thus, Plaintiff is suing the New Jersey State Judiciary Defendants with regard to actions taken within the course of their duties as state judicial officials. However, the New Jersey State Judiciary Defendants are not persons amenable to suit pursuant to § 1983. The individually named defendants are not amenable to suit in their official capacities and Plaintiff has failed to allege any personal involvement in any alleged action that merits individual § 1983 liability. Therefore, Plaintiff's Amended Complaint should be dismissed in its entirety.

**POINT IV**

**THE NEW JERSEY STATE JUDICIARY DEFENDANTS
ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.**

A judge performing his judicial functions is absolutely immune from suit for money damages. <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991). Moreover, Congress amended 42 U.S.C. § 1983 in 1996 to bar suits against judicial officers for injunctive relief unless a declaratory decree was violated or unavailable to the plaintiff.

Immunity is available, even if a judge acts erroneously, corruptly or in excess of his jurisdiction. <u>Mireles</u>, 502 U.S. at 11-12. A judge is not liable for his judicial acts, even those done maliciously or corruptly. <u>Bradley v. Fisher</u>, 80 U.S. 335, 351-54 (1871); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-57 (1978). "[J]udicial immunity is not overcome by allegations of bad faith or malice." <u>Mireles</u>, 502 U.S. at 11.

According to the Supreme Court, the purpose of absolute judicial immunity is to protect the public "whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Pierson v. Ray</u>, 384 U.S. 547, 554 (1967)(internal citations omitted). "Any errors made by a judge may be corrected on appeal, but a judge 'should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.'" <u>Shuster v.</u>

Oppelman, 962 F. Supp. 394, 396 (S.D.N.Y. 1997)(quoting Pierson, 384 U.S. at 554).

There are two recognized exceptions to this immunity from money damages: (1) where the judge acts in a non-judicial capacity; and (2) where the judge acts in complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12.

Plaintiff makes no claim regarding any acts of the State Judicial Defendants that can in any way be construed as "non-judicial" acts. Likewise, Plaintiff has not alleged, and cannot allege, any acts that could be construed to be "in complete absence of all jurisdiction." Therefore, Plaintiff's claims against the State Judicial Defendants are barred by the doctrine of judicial immunity.

## POINT V

**THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS ATTEMPTING TO USE THE FEDERAL COURTS TO APPEAL STATE COURT PROCEEDINGS IN VIOLATION OF THE ROOKER-FELDMAN DOCTRINE.**

Plaintiff's Complaint is an impermissible attempt to appeal state court proceedings in the federal court. Plaintiff alleges that the New Jersey State Judiciary Defendants wrongfully ruled against her in the underlying state court matter. Moreover, in Marcia Copeland v. Hon. Deborah Silverman-Katz, J.S.C., Docket No. BUR-L-1631-13, Plaintiff raised identical claims against Judge Silverman-Katz as she has raised here. (Puteska Certif.,

Exhibit B.)  In that case, the state court dismissed Plaintiff's claims against Judge Silverman-Katz with prejudice. (Puteska Certif., Exhibit C.)  She is not entitled to another bite at the apple in this Court.

According to the Rooker-Feldman doctrine, federal district courts have no authority to hear appeals from state court decisions.  This rule arises from the interplay of two jurisdictional statutes, 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments . . . rendered by the highest court of a State."

In Rooker v. Fidelity Trust Co., the Supreme Court construed these statutory provisions to mean that only the Supreme Court, and not the lower federal courts, may review decisions of the highest court of a state.  263 U.S. 413, 415-16 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). This is true even when federal constitutional issues are at stake. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).

Further, the Supreme Court has emphasized that the Rooker-Feldman doctrine only applies to federal law suits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., Inc., 544 U.S. 280, 281 (2005). As such, the Second Circuit has narrowly reexamined Rooker-Feldman and found that there are four requirements for the application of the doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state court judgment must have been rendered before the district court proceedings commenced. The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

Hoblock v. Albany Ctny. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, all elements for the application of the doctrine are satisfied. Both the first and second elements are plainly met under the facts of Plaintiff's case. She alleges that her civil rights were violated in connection with unfavorable rulings made by the judges and the judges misused the court to illegally steal Plaintiff's rental business without paying the purchase price. (See Compl., at 14-17.)

As for elements three and four, Plaintiff is inviting this Court to review and reject the state court's judgment, and there is no question that Plaintiff received judgments against her in the previous action.   Her perceived injuries are the court

17

orders and judgments entered against her in the state court matters.

Thus, all of the requirements of the <u>Rooker-Feldman</u> doctrine are met with respect to Plaintiff's claims, and as such, fall squarely within the jurisdictional bar of the doctrine. In order to adjudicate Plaintiff's claims, the District Court would be forced to act as a court of appeals over the New Jersey state court proceedings.

Accordingly, Plaintiff's claims against the New Jersey State Judiciary Defendants should be dismissed for lack of subject matter jurisdiction.

<u>**POINT VI**</u>

**THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE INSTANT ACTION IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.**

The doctrine of res judicata, or claim preclusion, provides "finality in the resolution of disputes to assure that parties may not be vexed by further litigation." <u>Allstate Ins. Co. v. Williams</u>, 29 A.D.3d 688, 690 (2006). Res judicata will bar a suit when the new claims are "intertwined" with claims brought in a previous proceeding and "easily could have been brought as part of that action. <u>Coalition For A Level Playing Field, L.L.C. v. Autozone, Inc.</u>, 737 F. Supp. 2d 194 (S.D.N.Y. 2010). Further, under New York's transactional approach to res

judicata, once a claim is brought to final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or even if seeking a different remedy. Allstate, 29 A.D.3d at 690.

The doctrine of collateral estoppel, or issue preclusion, is based upon principles similar to res judicata. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979)(citing Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found., 402 U.S. 313, 328-329 (1971)).

Collateral estoppel applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Bear, Streams & Co., Inc., Bear, Steams Securities Corp., v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005).

Here, all prerequisites for the application of the doctrines of res judicata and collateral estoppel are satisfied.

19

Both the instant action and the prior actions, including Marcia Copeland v. Hon. Deborah Silverman-Katz, J.S.C., Docket No. BUR-L-1631-13; Marcia Copeland v. Abo & Company, LLC., et al., Civil Action No. 1:13-cv-03979(RMB-KMW); Marcia Copeland v. Abo & Company, LLC., et al., Civil Action No. 1:13-cv-04232(RMB-AMD); and Marcia Copeland v. Abo & Company, LLC., et al., Civil Action No. 1:13-cv-3978(RMB-KMW),[2] share the same identity of issues, party and causes of action. Plaintiff's claims herein are identical to those raised and rejected in prior New Jersey state and federal court matters and are thus barred.

As the instant matter is barred by the doctrines of res judicata and collateral estoppel, the Court should dismiss Plaintiff's complaint.

## POINT VII

### PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED; HER CLAIMS AMOUNT TO NOTHING MORE THAN LEGAL CONCLUSIONS.

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a Complaint must provide sufficient factual allegations that state a plausible claim.

---

[2] The two prior listed District Court matters were consolidated into this matter wherein the District Court issued a Memorandum Order dismissing Plaintiff's Complaint with prejudice.

Iqbal, 556 U.S. at 663-64 (2009). The court must be able to reasonably infer the defendant's liability from the alleged misconduct. Id.  When deciding a motion to dismiss, a court is not required to accept conclusory statements or threadbare recitals of the elements of a cause of action contained within the complaint as true. Id. In fact, a court may begin by identifying those allegations within the complaint that are not entitled to the assumption of truth. Id.  Thus, a civil complaint must allege adequate factual matter to demonstrate that the claim is facially plausible.

Plaintiff merely alleges that her civil rights were violated because she did not obtain a favorable ruling.  She also makes bare conclusory allegations of theft, extortion, collusion, corruption, mail fraud, harassment and violations of the Fair Debt Collection Act and Federal Credit Reporting Act. Plaintiff fails to provide any facts that would support her conclusions or otherwise state a claim against the New Jersey State Judiciary Defendants.[3]  She simply states her legal conclusions as facts. Plaintiff's legal conclusions are not

---

[3]    Rather than burden the Court with duplicative arguments, the New Jersey State Judiciary Defendants hereby incorporate the legal arguments proffered by Defendants Lisa Sharkey, Martin H. Abo and Abo & Company, LLC as to Plaintiff's failure to state prima facie claims as to each individual claim.  (See Docket Entry No. 33 at 14-20.)

entitled to the assumption of truth; therefore, the New Jersey State Judiciary Defendants' motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the New Jersey State Judiciary Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) be granted and all claims be dismissed against them with prejudice.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   *s/David M. Puteska*
David M. Puteska
Deputy Attorney General

Dated: July 29, 2015